UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SALVADOR RAYMUNDO MATEO FRANCISCO,

    Petitioner,

v.                                                                                 No. 1:25-cv-1229 MIS-GJF

GEORGE DEDOS, et al.,

    Respondents.

## ORDER GRANTING PETITIONER'S IMMEDIATE RELEASE PENDING RESOLUTION OF THE HABEAS PETITION UNDER THE COURT'S INHERENT AUTHORITY

THIS MATTER is before the Court on the *Verified Petition for Writ of Habeas Corpus and Complaint* (Dkt. No. 1) and *Notice of Motion for Temporary Restraining Order and Preliminary Injunction* (Dkt. No. 3) ("Preliminary Injunction Motion"), which were both filed by Petitioner Salvador Raymundo Mateo Francisco ("Petitioner") on December 10, 2025. Respondents Mary De Anda-Ybarra, Todd Lyons, and Kristi Noem (the "Federal Respondents") filed a response (Dkt. No. 38) in opposition to the complaint and a response (Dkt. No. 37) in opposition to the Preliminary Injunction Motion on December 30, 2025. Petitioner filed separate replies (Dkt. Nos. 42 and 43). Respondent George Dedos is not represented, but the Federal Respondents agreed that, because his defense was unlikely to differ from theirs, the Court could proceed with a decision. The undersigned judge held an evidentiary hearing on the Petition and Preliminary Injunction Motion on January 12, 2026, with Petitioner present. This Order *solely* resolves the question of whether Petitioner should be immediately released on bail pending the full and final resolution of his habeas petition.

"Despite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1991) (2254 habeas case about extradition to State where convictions had been affirmed on direct appeal). "However, a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Id.* (emphasis added). The Tenth Circuit has applied the *Pfaff* exceptional circumstances standard in a section 2241 habeas proceeding. *See Stow v. Perrill*, No. 94-1282, 1994 WL 377629, at *1.

The Court finds on the record that Petitioner has demonstrated a clear case on the merits of the habeas petition to warrant relief. The record shows that Petitioner is not a danger to the community or a risk of flight, and Respondents have not offered any evidence or argument to the contrary. The Court finds under 28 U.S.C. § 636, *Pfaff*, and *Stow* that it has the inherent authority to order immediate release from custody as interim relief.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's request for bail and immediate release pending resolution of his habeas petition in this case is **GRANTED**.

2. The Court **RELEASES** Petitioner on his own recognizance and to the custody of his aunt, Nicolasa Francisco Esteban.

3. Respondents must release Petitioner from detention at the Cibola County Correctional Center **no later than 8:00 a.m. MT on January 13, 2026**.

4. The Court **GRANTS** Petitioner permission to travel back to his previous state of residence, New York.

5. **No later than January 13, 2026, at 8:00 a.m. MT**, Respondents must provide Petitioner **with all necessary documents sufficient to allow Petitioner to board and travel by commercial domestic air** (for example, an I203, I220A (Order of Release on Recognizance), or any similar document necessary for travel).

**SO ORDERED.**

                                        **THE HONORABLE GREGORY J. FOURATT**
                                        **UNITED STATES MAGISTRATE JUDGE**