IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALVADOR RAYMUNDO MATEO
FRANCISCO,

    Petitioner,

v.                                                     No. 1:25-cv-1229 MIS-GJF

GEORGE DEDOS, in his official capacity as Warden, Cibola County Correctional Facility, MARY DE ANDA-YBARRA, in her official capacity as Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, and KRISTI NOEM, in her official capacity as U.S. Secretary of Homeland Security,

    Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

United States Magistrate Judge Gregory Fouratt filed a Proposed Findings and Recommended Disposition ("PFRD") on January 20, 2026, in which he recommended the following:

    1.    The *Verified Petition for Writ of Habeas Corpus and Complaint* (**Dkt. No. 1**) should be **GRANTED** as to the **second and fourth claims**.

    2.    The *Verified Petition for Writ of Habeas Corpus and Complaint* (**Dkt. No. 1**) should be **DENIED AS MOOT** as to the **first, third, and fifth claims**.

    3.    Petitioner's *Notice of Motion for Temporary Restraining Order and Preliminary Injunction* (**Dkt. No. 3**) should be **DENIED AS MOOT**, given that full relief should be awarded on the second and fourth claims for relief in the Petition.

    4.     The Court should declare that Petitioner's detention for over 60 days without a bond hearing violates the INA and his procedural due

       5.      process rights under the Due Process Clause of the Fifth Amendment.

       5.      The Court should order that Petitioner remain released from custody without restraints beyond those that existed before his unlawful detention.

       6.      The Court should enjoin Respondents from re-detaining Petitioner – absent evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings – without first providing notice and a pre-deprivation hearing before a neutral tribunal where the government bears the burden of justifying re-detention by clear and convincing evidence.

       7.      The Court should retain jurisdiction over this matter to decide any future motion for an award of reasonable attorney's fees and costs under the EAJA.

PFRD at 28, Dkt. No. 53.

The PFRD provides the Parties fourteen days to file objections. Id. at 28-29. To date, no objections have been filed. The failure to make timely objections to a Magistrate Judge's PFRD waives appellate review of both factual and legal questions. United States v. 2121 East 30th Street, 73 F.3d 1057, 1059 (10th Cir. 1996).

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner Salvador Raymundo Mateo Francisco's Verified Petition for Writ of Habeas Corpus, Dkt. No. 1, is **GRANTED IN PART AND DENIED AS MOOT IN PART** consistent with the PFRD—and specifically, it is **GRANTED** as to the second and fourth claims, and **DENIED AS MOOT** as to the first, third, and fifth claims;

2. Petitioner's Notice of Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. No. 3, is **DENIED AS MOOT**;

3. Respondents are **ORDERED** to immediately release Petitioner from detention;

4. Respondents **SHALL NOT** re-detain Petitioner—absent evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings—without a pre-deprivation hearing before a neutral tribunal at which the government bears the burden of justifying re-detention by clear and convincing evidence; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE