**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SALVADOR    RAYMUNDO    MATEO
FRANCISCO,

      Petitioner,

v.

GEORGE DEDOS, in his official capacity as
Warden, Cibola County Correctional
Facility; MARY DE ANDA-YBARRA, in
her official capacity as Field Office Director,
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as
Acting Director of U.S. Immigration and
Customs Enforcement; and KRISTI NOEM,
in her official capacity as U.S. Secretary of
Homeland Security,

      Respondents.

1:25-cv-01229-MIS-GJF

**<u>ORDER OVERRULING RESPONDENTS' OBJECTIONS TO THE PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION, ADOPTING THE PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION ON PETITIONER'S MOTION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE
ACT, AND GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND
COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT</u>**

THIS MATTER is before the Court on the Proposed Findings and Recommended

Disposition of United States Magistrate Judge Gregory J. Fouratt ("PFRD"), ECF No. 70, issued

June 2, 2026.  Therein, Judge Fouratt recommends granting Petitioner Salvador Raymundo Mateo

Francisco's Motion for Attorneys' Fees and Costs Pursuant to the Equal Access [to] Justice Act

("Motion"), ECF No. 56, filed March 6, 2026.  The federal Respondents filed Objections to the

PFRD on June 16, 2026.  ECF No. 71.

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD that have been properly objected to. After conducting this de novo review and having thoroughly considered the PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition.

Briefly, Petitioner's eligibility for an EAJA fee award was uncontested, PFRD at 5, and Judge Fouratt found that Respondents failed to meet their burden of showing that (1) their position was substantially justified, id. at 5-8, or (2) special circumstances would make a fee award unjust, id. at 8-9. Respondents object only to Judge Fouratt's finding that their position was not substantially justified. See generally ECF No. 71.

A position is substantially justified if it has a "reasonable basis both in law and fact[.]" Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also id. at 566 n.2. "[T]he government must establish three components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged." Harris v. R.R. Ret. Bd., 990 F.2d 519, 520-21 (10th Cir. 1993) (citing Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988)). The government's position includes both the underlying governmental action (or failure to act) and its litigation position. Al-Maleki v. Holder, 558 F.3d 1200, 1207 (10th Cir. 2009); see also 28 U.S.C. § 2412(d)(2)(D).

Here, Judge Fouratt found that Respondents' response in opposition to the Motion for Attorneys' Fees failed to "address the support for the legal theory based on the facts alleged in this petition." PFRD at 7-8.

> Respondents failed to justify their position that Mateo Francisco, a minor who entered the United States under the TVPRA [Trafficking Victims Protection Reauthorization Act of 2008] and resided here for years without any criminal

> history, should be mandatorily detained. As this Court explained, Respondents'
> position had "fundamental flaws." PFRD 17, Dkt. No. 53. Petitioner was inspected
> and authorized to enter the United States under the TVPRA, a Congressionally
> enacted, lawful statute, and thus, he was previously lawfully admitted and not
> "seeking admission" within the meaning of § 1225(b)(2)(A). See id. at 17-18.

PFRD at 8. Consequently, Judge Fouratt recommends "finding that Respondents failed to justify the reasonableness of their legal position based on the facts pertinent to this case." id. (citing Aguilar v. Blanche, Case No. 1:25-cv-00996-KWR-KK, 2026 WL 1078966, at *3 (D.N.M. Apr. 21, 2026)).

Respondents appear to concede that they did not address this element of the substantial justification requirement in their response in opposition to Petitioner's Motion for Attorneys' Fees. See Obj. at 2. However, they argue that they "did address those facts in the underlying case—in both the response and the lengthy hearing held on the matter." Id.

The Court overrules this objection. When a habeas petitioner seeks attorneys fees under the EAJA, the petitioner bears the initial burden of proving that they are the prevailing party and eligible to receive an award. 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 414 (2004). The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust. See Hackett v. Barnhart, 475 F.3d 1166, 1170 (10th Cir. 2007). That is, the Government's burden to establish that its position was substantially justified arises, if at all, only after the petitioner files a motion for attorneys' fees. See id. Respondents did not argue that its legal theory was supported by the facts alleged in their opposition to Petitioner's Motion for Attorneys' Fees, see ECF No. 68 at 4-6, and they cannot raise their argument for the first time in their Objections to Judge Fouratt's PFRD, see Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Therefore, it is **HEREBY ORDERED** that:

1.      Respondents' Objections to the Proposed Findings and Recommended Disposition, ECF No. 71, are **OVERRULED**;

2.      The Proposed Findings and Recommended Disposition on Petitioner's Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, ECF No. 70, is **ADOPTED**;

3.      Petitioner's Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, ECF No. 70, is **GRANTED**; and

4.      Petitioner Salvador Raymundo Mateo Francisco shall have and receive from Respondents the amount of $37,098.59, for which sum let execution issue.[1]

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1]     The fees will be paid to Petitioner but delivered to Petitioner's attorneys.  See Astrue v. Ratliff, 560 U.S. 586, 595–98 (2010); Manning v. Astrue, 510 F.3d 1246, 1250–51 (10th Cir. 2007).

4